UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEROY SCHOENING,

      Petitioner,                        Case No. 2:21-cv-11955
                                              Hon. George Caram Steeh

    v.

JOHN CHRISTIANSON,[1]

      Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING (ECF No. 5), GRANTING PETITIONER'S MOTION TO AMEND CAPTION (ECF No. 6), AND <u>DENYING CERTIFICATE OF APPEALABILITY</u>**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner John LeRoy Schoening pled no contest in the Oakland Circuit Court to assault of a police officer, MICH. COMP. LAWS § 750.82(d)(1), operating a motor vehicle while intoxicated – third offense, MICH. COMP. LAWS 257.6256(d), and possession of less than 25 grams of cocaine. MICH. COMP. LAWS 333.7403(2)(a)(5). (ECF No. 1-1, PageID.99, 101.) On August 23, 2018, Petitioner was sentenced to concurrent terms of

---

[1] Petitioner's motion to amend the caption is granted. (ECF No. 6). The Court amends the caption to reflect Petitioner's current custodian, the Warden of the Central Michigan Correctional Facility, John Christianson.

imprisonment for the three offenses, the longest of which is his sentence of 6-to-20 years for the drunk-driving conviction.

Petitioner challenges his sentence on three grounds: (1) the trial court erred in failing to hold a hearing prior to sentencing regarding Petitioner's prior conviction record, (2) Petitioner's sentence was based on an erroneous scoring of the offense variables, and (3) Petitioner's sentence is unreasonable and disproportionate to the severity of his offenses.

After conducting preliminary review of the petition, and Petitioner's response to an order directing him to show cause why the case should not be dismissed under the statute of limitations, the Court finds that the petition was untimely filed and Petitioner has failed to demonstrate grounds for equitable tolling. The Court will therefore summarily dismiss the petition. The Court will also deny Petitioner a certificate of appealability.

## I. Background

Following his no contest plea and sentence, Petitioner filed a direct appeal, raising his habeas claims. The Michigan Court of Appeals denied his application for leave to appeal by standard form order. (ECF No. 1, PageID.49.); *People v. Schoening*, No. 348062 (Mich. Ct. App. May 22, 2019.) Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but it was also denied. (ECF No. 1, PageID.50.);

*People v. Schoening*, No. 159827 (Mich. Sup. Ct. Nov. 26, 2019). Petitioner did not file a petition for writ of certiorari, nor did he file a petition for state post-conviction review. (ECF No. 1, PageID.3.)

Petitioner's conviction because final on February 24, 2020, ninety days after the Michigan Supreme Court denied relief. Petitioner signed and dated his federal habeas petition on August 6, 2021. (Id., PageID.10.)

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether the petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006). Such consideration is appropriate here because Petitioner raises the issue of the statute of limitations himself

in the petition and sets forth his argument as to why the petition should be considered timely filed.

### III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires.

See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

In most cases, the statute of limitations begins to run when the petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The time for direct review of Petitioner's conviction expired on February 24, 2020, ninety days after the Michigan Supreme Court denied his application for leave to appeal from his direct appeal. None of Petitioner's claims, nor his response to the Court's show cause order, suggest a later starting point for the limitations period.

Accordingly, when the petition was signed and dated and placed in the prison mail system on August 6, 2021, the limitations period had already been expired for a little more than five months.

The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). The habeas petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has

cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner acknowledged that his petition was filed five-months late. (ECF No. 5, PageID.117.) He asserts that he is entitled to equitable tolling due to conditions at his prison relating to the COVID-19 pandemic:

> As of March 20, 2020, all of Michigan's prisons were considered outbreak sites of the COVID-19 virus. As a result Michigan's prison facilities closed the prison libraries, where self-represented inmates primarily work on pursuing their legal claims.
>
> Pursuant to the Michigan Supreme Court's order, allowing notice of filing to extend filing period, Administrative Order No. 2020-21, this Plaintiff filed his habeas petition as soon as possible, after the prison's law libraries were reopened.

(ECF No. 5, PageID.118.)

There can be little question that the COVID-19 pandemic is an extraordinary circumstance. But Petitioner's brief, conclusory explanation does not sufficiently explain how prison conditions stood in his way and prevented his timely filing. The Michigan Supreme Court Administrative

- 6 -

Order cited by Petitioner allowed prisoners to file a place-holding letter in the Michigan Court of Appeals or Michigan Supreme Court, informing the court of the intent to file an appeal, and it provided for tolling of the appeal deadline because of prison restrictions related to COVID-19. See Michigan Supreme Court Administrative Order No. 2020-21 (effective between November 27, 2020 and July 26, 2021). Petitioner states on conclusory terms that he filed his habeas petition "as soon as possible after the prison's law libraries were reopened."

    The allegations fail to assert facts sufficient to demonstrate entitlement to equitable tolling. The Michigan Supreme Court denied leave to appeal in Petitioner's direct appeal in November of 2019, and effects of the pandemic did not present themselves until March/April of 2020. Petitioner offers no explanation for his failure to take any action in preparation for filing his habeas petition between the denial of relief in the state courts, and when the pandemic began to hamper his ability to prepare and file his petition. As a general matter, (and Petitioner makes no specific allegations to distinguish his case), hundreds of Michigan prisoners timely filed habeas petitions despite the same institutional barriers that Petitioner faced. Petitioner fails to assert any facts whatsoever about the particular facts of his situation to demonstrate why he was unable to file his petition in

light of prison restrictions while other prisoners were able to do so.

The Court questions whether Petitioner required law-library time to complete and file his habeas petition. The form petition that he is required to use states: "Do not argue or cite law. Just state the specific facts that support your claim." (ECF No. 1, PageID.5; Form Petition for Relief From a Conviction or Sentence By a Person in State Custody, available at https://www.miwd.uscourts.gov/sites/miwd/files/habeas.pdf (visited Sep. 20, 2021). Petitioner does *not* assert that copies of the form habeas petition or mail services were completely unavailable to him during period the administrative order was in effect. Clearly, many prisoners were able to file habeas petitions. The bare fact that Petitioner may be untrained in the law, is proceeding without a lawyer, or may have been personally unaware of the statute of limitations does not warrant equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012).

Finally, even if Petitioner's inability to access the law library because of the pandemic is deemed an extraordinary circumstance that prevented timely filing, Petitioner must also show that despite the circumstances he has been diligent in his efforts to comply with the limitations period. *Holland*, 560 U.S. at 649. There is absolutely nothing in the petition or the response to the show cause order that demonstrates diligence. Petitioner

merely briefly describes the conditions at his prison caused by the pandemic without asserting at all what *he* did to diligently pursue his rights. For all the response shows, Petitioner chose to sit on his rights until the administrative order was rescinded, and only then did he first attempt to prepare and file his petition. Even though the order obviously did not apply to filings in this Court, Petitioner did nothing to file some form of place-holder habeas petition or anything of the sort to inform the Court of his desire to pursue federal habeas relief.

As Petitioner proffers no facts whatsoever that he diligently pursued his rights, he has failed to demonstrate entitlement to equitable tolling.

Accordingly, the Court finds that the petition was filed after expiration of the statute of limitations, and Petitioner has failed to demonstrate entitlement to equitable tolling. The case will therefore be dismissed.

### IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. ' 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the

Court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion for equitable tolling (ECF No. 5) is **DENIED,** the motion to amend the caption (ECF No. 6) is **GRANTED**, and a certificate of appealability is **DENIED**.

Dated:   September 21, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 21, 2021, by electronic and/or ordinary mail and also on John LeRoy Schoening #254500, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880.

s/Brianna Sauve
Deputy Clerk